**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH O. HAMLIN,<br>                    Appellant, | DOCKET NUMBER<br>DC-0752-15-0696-I-1 |
|              v. | |
| DEPARTMENT OF THE NAVY,<br>              Agency. | DATE: July 15, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Patricia Holt, Esquire, Norfolk, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction pursuant to an appeal rights waiver in a Last Chance Agreement (LCA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2          In 2013, the agency proposed to remove the appellant, a WG-10 Rigger, for careless performance of his duties, violation of established procedures by failing to preserve an accident scene, and lack of candor.  Initial Appeal File (IAF), Tab 9 at 14.  On May 17, 2013, the parties entered into an LCA, which provided that the agency would hold the appellant's removal in abeyance for 2 years and that he would instead serve a 14-day suspension and, during the 2‑year period, "maintain conduct that is acceptable to the agency."  *Id.* at 11-13.  The LCA further provided that "any one incident of misconduct or unacceptable performance, as determined by the Agency, may be cause for immediate removal."  *Id.* at 11.  The LCA also provided that the appellant waived any right to appeal any agency action related to his violation of the LCA.  *Id.* at 11‑12.

¶3          On April 17, 2015, the agency notified the appellant that he would be removed, effective upon his receipt of the notice, for violating the LCA on two occasions.  IAF, Tab 1 at 8‑11.  The notice explained that the first incident occurred on November 20, 2014, when the appellant, while in charge of a loading operation:  failed to properly complete the pre-lift paperwork or submit it for

supervisory review before starting the job; failed to complete proper verification and calculations of the rigging configuration capacity; failed to properly rig the trailer, resulting in observable damage to the trailer; and failed to report the damage to his supervisors as required. *Id.* at 9. The notice further provided that the second incident occurred on February 24, 2015, when the appellant, while assigned as a rigger in a loading operation, was disruptive of a safety briefing and was disrespectful and argumentative to the officers in charge in voicing his disagreement with their determination that it was safe to proceed with the operation despite ice and snow on the pier. *Id.* at 10-11.

¶4     The appellant timely appealed his removal to the Board and requested a hearing. IAF, Tab 1 at 1-2. In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal because he had signed an LCA waiving future appeal rights in the event of his removal for violating the agreement. IAF, Tab 2 at 2. The administrative judge apprised the appellant of his burden of making a nonfrivolous allegation of jurisdiction and ordered him to file evidence and argument on the jurisdictional issue. *Id.* The appellant responded, arguing that the appeal rights waiver should not be enforced because he had complied with the LCA and the agency had acted in bad faith and removed him in retaliation for "rais[ing] safety concerns about an unsafe loading of explosives" on February 24, 2015. IAF, Tab 5 at 4-9. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 9.

¶5     Without holding the requested hearing, the administrative judge issued an initial decision finding that the appellant failed to nonfrivolously allege that the waiver of appeal rights in the LCA should not be enforced and dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 5-11. The appellant has timely filed a petition for review of the initial decision, and the agency has responded in opposition to the appellant's petition for review. Petition for Review (PFR) File, Tabs 1, 3.

¶6        The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board.  *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007).  To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show that:  (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.  *Id.*    Where an appellant raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope of and applicability of a waiver of appeal rights in the LCA.  *Willis*, 105 M.S.P.R. 466, ¶ 18.  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Id.*

¶7        Here, the appellant claims that he complied with the LCA and that the agency retaliated against him and acted in bad faith by removing him because he had alleged that conditions were too dangerous to safely complete an operation on February 24, 2015.  IAF, Tabs 1, 5.  The administrative judge concluded that the appellant failed to nonfrivolously allege that he complied with the LCA and that the agency had a legitimate basis to find that each incident, standing alone, violated the LCA and warranted the appellant's removal pursuant to the LCA.  ID at 6-11.  The administrative judge also determined that the appellant's allegations that agency officials acted in bad faith and retaliated against him for disclosing safety concerns were insufficient to satisfy his burden of raising a nonfrivolous allegation to support a jurisdictional hearing.  ID at 11.  Lastly, the administrative judge explained that the Board lacks jurisdiction to consider the appellant's

reprisal claim in the absence of an otherwise appealable action.[2]  *Id.*   On review, the appellant argues that the "real reason" the agency removed him was because of his whistleblowing activity, i.e., raising concerns about the safety of the operation on February 24, 2015, and asserts that he is entitled to a hearing to determine "whether his whistleblowing was the underlying reason for his removal."  PFR File, Tab 1 at 5.

¶8        As noted above, one way an appellant may establish that an appeal rights waiver should not be enforced is by showing that he complied with the LCA.  *Willis*, 105 M.S.P.R. 466, ¶ 17.  Pursuant to the express terms of the LCA, "any one incident of misconduct or unacceptable performance, as determined by the Agency, may be cause for immediate removal."  IAF, Tab 9 at 11.  Thus, the agency could remove the appellant for any single incident of unacceptable conduct or performance, as determined by the agency, during the 2‑year last chance period.  *Id.*   The appellant does not dispute that he engaged in the behavior as alleged by the agency on November 20, 2014, and February 24, 2015, or that such performance and conduct was unacceptable, but argues that the agency removed him in retaliation for his alleged whistleblowing.  PFR File, Tab 1.  Even if the appellant's contention regarding the agency's motive were true, however, it provides no basis to disturb the administrative judge's findings that the appellant exhibited unacceptable conduct and performance on two occasions during the 2-year last chance period and that such conduct and performance violated the LCA.  ID at 5-11.  Accordingly, we find no basis to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege that he complied with the LCA.

---

[2] The administrative judge noted, however, that the Board may have jurisdiction to consider the appellant's whistleblower reprisal allegations in the context of an individual right of action appeal in the event that the appellant exhausts his administrative remedies before the Office of Special Counsel.  ID at 11 n.4.

¶9    Another way an appellant may overcome an appeal rights waiver in an LCA is by showing that the agency breached the LCA by acting in bad faith regarding a term of the agreement. *Posey v. Department of Defense*, 106 M.S.P.R. 472, ¶ 8 (2007). To establish a breach of an LCA based on the implied covenant of good faith regarding a reinstatement term, the appellant must show that the agency's proven retaliatory or harassing actions, under the totality of the circumstances, amount to an unjustified and substantial deprivation of rights. *Id.*; *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323-25 (1995). Here, although the appellant has alleged that the agency was motivated by retaliatory animus when it removed him pursuant to the LCA, he has not alleged that the agency's purportedly retaliatory actions amounted to an unjustified deprivation of his rights. PFR File, Tab 1 at 5. Specifically, as discussed above, the appellant does not dispute the administrative judge's finding, with which we agree, that he violated the LCA by exhibiting unacceptable conduct and performance on two occasions during the last chance period. ID at 5-11; PFR File, Tab 1; IAF, Tab 9 at 11. Because the appellant violated the LCA, the agency was justified in removing him pursuant to the LCA and it did not act in bad faith by removing him pursuant to the LCA. *See Lizzio v. Department of the Army*, 110 M.S.P.R. 442, ¶ 18 (2009), *aff'd*, 374 F. App'x 973 (Fed. Cir. 2010). Therefore, we discern no basis to disturb the administrative judge's finding that the appellant has failed to nonfrivolously allege that the agency breached the LCA or acted in bad faith.

¶10   As the appellant has failed to show that the appeal rights waiver should not be enforced, we must next address the scope and applicability of the waiver of appeal rights provision in the agreement. *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 17 (2010). As noted above, the LCA provided that "any one incident of misconduct or unacceptable performance . . . may be cause for immediate removal." IAF, Tab 9 at 11. The LCA further provided that the appellant agreed to "voluntarily waive all rights to challenge, and all procedural rights for any disciplinary/adverse action (including, but not limited to, removal)

that may be taken against him related to [violating] this agreement. The waived rights include, but are not limited to, the right to appeal to the Merit Systems Protection Board[.]" *Id.* at 11-12. The final terms of the LCA reflect that the parties have "read this agreement, they fully understand its provisions and agree to all of its terms and conditions and [ ] voluntarily enter it of their own free will, without reservation, duress, or coercion on the part of anyone," and that the appellant "agrees that he is mentally and physically fit so as to be able to understand and comply with this agreement in its entirety." *Id.* at 12. We find that this language constitutes a clear and unequivocal waiver of the appellant's right to appeal his April 17, 2015 removal to the Board. *See Rhett*, 113 M.S.P.R. 178, ¶ 17. Because, for the reasons noted above, the appellant has not shown that this waiver is unenforceable, we find that the Board lacks jurisdiction over his appeal of the April 17, 2015 removal, and the administrative judge correctly dismissed it for lack of adverse action jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.